THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCIS LEE KELLY, Defendant-Appellant.

Second District    No. 78-280

Opinion filed August 28, 1979.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Section 8—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1008—2—4(b)) provides in part as follows:

> "* * * If the defendant has not been sentenced before the effective date of this amendatory Act of 1977, he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977."

The defendant was found guilty of attempt robbery, the offense having occurred on September 1, 1976. At the sentencing hearing on March 2, 1978, the defendant was admonished with regard to his statutory right to an election between the Unified Code of Corrections, in force at the time of the offense, and the amendatory act of 1977. The court carefully explained the differences between the two sentencing alternatives, indicating the possible sentences which could be imposed under each alternative. However, the court refused defense counsel's request that the defendant be advised, in advance of his election, of the actual sentences the court would impose under each alternative.

On appeal, the sole contention raised by the defendant is that the trial court erred in requiring the defendant to elect sentencing between the Unified Code of Corrections in force at the time of the offense, and the amendatory act of 1977, without first advising the defendant of the sentences that would be imposed pursuant to each act.

Inasmuch as this district has not spoken on this point as yet, we now state that we believe that this argument is without merit. There is nothing in the statute which would require advance disclosure of the sentences which the trial court will impose after a defendant makes his election. The court in *People v. Peoples* (3d Dist. 1979), 71 Ill. App. 3d 842, and *People v. Dozier* (4th Dist. 1979), 67 Ill. App. 3d 611, have both held that there is no constitutional or statutory requirement that the trial judge must tell the defendant in advance of election what the sentence will be under each act. We concur in the holdings in these two cases.

Therefore, the judgment of the circuit court of Du Page County herein is affirmed.

Judgment affirmed.

SEIDENFELD and WOODWARD, JJ., concur.